```
            UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE
```

Jeffrey C. O'Neil, Sr.

    v.                                       Civil No. 08-cv-396-SM

James O'Mara, Superintendent,
Hillsborough County House of
Corrections

## O R D E R

Before the Court is Jeffrey O'Neil's complaint (document no. 1), filed pursuant to 42 U.S.C. § 1983, alleging that he has been denied his prescribed mental health medication during his pretrial incarceration at the Hillsborough County House of Corrections ("HCHC"), in violation of his rights under the United States Constitution. Because O'Neil is a prisoner proceeding pro se, the matter is before me for preliminary review to determine whether or not the complaint states any claim upon which relief may be granted. See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

### Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the

magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

On August 14, 2008, the Hillsborough County Superior Court (O'Neill, J.) set plaintiff's bail on a pending criminal charge.

In its bail order, the Superior Court directed that "[i]f detained, [O'Neil] shall receive all medications prescribed by licensed health professionals."  O'Neil, unable to post bail, was detained at the HCHC, where he did not receive his prescribed mental health medications.

On August 27, 2008, O'Neil directed an Inmate Request Form to HCHC Superintendent James O'Mara, alerting him to the Superior Court bail order, and requesting that he be provided with his prescribed mental health medication.  On September 2, 2008, Denise Ryan, the Health Services Administrator at the HCHC, responded to O'Neil, advising him that he would need to contact his attorney "regarding clarification of [O'Neil's] most recent order of confinement."  On September 8, 2008, O'Neil filed an Inmate Grievance Form reiterating his August 27th request.  On September 9, 2008, the grievance form was marked "Received and forwarded to the Medical Department."  On September 11, 2008, Ryan again responded to O'Neil, stating "You may address any issues regarding said court order to your attorney."  The grievance from was then forwarded to O'Mara's office, which determined that no action was required by the Superintendent.

The form was signed by the Assistant Superintendent and returned to O'Neil.

## Discussion[1]

I.  Section 1983 Claims

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law.  See 42 U.S.C. § 1983[2]; Parratt v. Taylor, 451 U.S. 527, 535 (1981) (overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330–331 (1986)); Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002).  In order for a defendant to be held liable under § 1983, his or her conduct must have caused the alleged constitutional or statutory deprivation.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Soto v.

---

[1] The claims as identified herein will be considered for all purposes to be the claims raised in the complaint.  If O'Neil disagrees with this identification of the claims, he must properly move to amend his complaint.

[2] 42 U.S.C. § 1983 provides that:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997).  Because O'Neil's claims allege violations of federal constitutional and statutory law caused by state actors, his suit arises under § 1983.

## II. Pretrial Detainee Status

O'Neil was a pretrial detainee at the HCHC at the time the events he describes occurred.  Detainees have a constitutional right under the Due Process Clause of the Fourteenth Amendment to be free of punishment.  See Surprenant v. Rivas, 424 F.3d 5, 15 (1st Cir. 2005) (citing O'Connor v. Huard, 117 F.3d 12, 15 (1st Cir. 1997)).  However, challenged conditions or restrictions which can be rationally related to some legitimate administrative goal or security concern generally will not be deemed unconstitutional "punishment."  O'Connor, 117 F.3d at 15.  Because the Due Process Clause prohibits the infliction of punishment on a person prior to a judgment of conviction, the issue in evaluating claims by a pretrial detainee is ultimately whether the conditions of confinement were reasonably related to a legitimate state interest or were intended instead as punishment.  See Surprenant, 424 F.3d at 13; Collazo-Leon v. U.S. Bureau of Prisons, 51 F.3d 315, 317 (1st Cir. 1995).

III. <u>Inadequate Medical and Mental Health Care</u>

The Eighth Amendment protects prison inmates from prison officials acting with deliberate indifference to their serious medical needs.[3]  <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 831 (1994). To assert a viable cause of action for inadequate medical care, an inmate must first state facts sufficient to allege that he has a serious medical need for which adequate care has not been provided.  <u>Farmer</u>, 511 U.S. at 831; <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981); <u>Estelle</u>, 429 U.S. at 106.  The inmate must then allege that a responsible prison official was aware of the need or of the facts from which the need could be inferred, and still failed to provide treatment.  <u>Estelle</u>, 429 U.S. at 106.  A serious medical need is one that involves a substantial risk of serious harm if it is not adequately treated.  <u>Barrett v. Coplan</u>, 292 F. Supp. 2d 281, 285 (D.N.H. 2003); <u>Kosilek v. Maloney</u>, 221 F. Supp. 2d 156, 180 (D. Mass. 2002) (citing <u>Farmer</u>, 511 U.S. at 835-47); <u>see</u> <u>also</u> <u>Gaudreault</u>, 923 F.2d at 208 (defining a serious medical need as one "that has been diagnosed by a physician as

---

[3]The Fourteenth Amendment is at least as protective of a pretrial detainee's right to medical and mental health care as claims that arise under the Eighth Amendment.  As plaintiff's assertions are sufficient to state an Eighth Amendment claim, I find that he states a claim under the Fourteenth Amendment as a pretrial detainee.

mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.") (internal citations omitted). The Eighth Amendment applies to a prison's administration of medical care, including mental health care. See DesRosiers v. Moran, 949 F.2d 15, 19 (1st Cir. 1991); Torraco v. Maloney, 923 F.2d 231, 234 (1st Cir. 1991) (recognizing deliberate indifference to an inmate's mental health needs violates the Eighth Amendment).

"[A]dequate medical care" is treatment by qualified medical personnel who provide services that are of a quality acceptable when measured by prudent professional standards in the community, tailored to an inmate's particular medical needs, and that are based on medical considerations. United States v. DeCologero, 821 F.2d 39, 42-43 (1st Cir. 1987). This does not mean that an inmate is entitled to the care of his or her choice, simply that the care must meet minimal standards of adequacy. Deliberate indifference may be found where the medical care provided is "so clearly inadequate as to amount to a refusal to provide essential care." Torraco, 923 F.2d at 234. Constraints inherent in a prison setting may affect the choice of care provided, and may be relevant to whether or not prison officials provided inadequate

care with a deliberately indifferent mental state.  <u>Wilson v. Seiter</u>, 501 U.S. 294, 302 (1991).

O'Neil has alleged that he suffers from mental illness sufficiently serious to have been treated with prescription medication, and that he was taking that medication at the time he was detained.  The Superior Court recognized O'Neil's continuing need to take his prescribed medication and included that directive to the HCHC in its bail order.  O'Neil also notified the HCHC medical and administrative staff to his need for his physician-prescribed mental health medication.  Accordingly, the HCHC personnel's persistent denial of mental health care and medication may well constitute deliberate indifference to his serious medical needs.  Further, there are no facts alleged which indicate that there is any legitimate state interest served by depriving a pretrial detainee of prescribed medication for a mental health problem.  I find that such a deprivation constitutes punishment, in violation of the Due Process Clause of the Fourteenth Amendment.  I will direct, therefore, that this claim proceed against defendants.

IV. <u>Defendants</u>

O'Neil has only specifically named O'Mara as a defendant to this action. Liberally construing the complaint, however, I find that it also states a claim against Ryan, as the individual responsible for specifically denying O'Neil's requests for medication and referring him to his attorney, rather than assuring that O'Neil received his prescribed and court-ordered medication. Accordingly, I will construe this complaint to include Ryan as a defendant to this action in addition to O'Mara, as they were both notified directly, more than once, of the fact that O'Neil had not received prescribed medication that the Superior Court had directed the jail to continue to provide, and failed to remedy the situation.

V. <u>Claim for Injunctive Relief</u>

O'Neil has requested that this Court issue an order directing the HCHC defendants to provide him with his prescribed medication. Due to the nature of the complaint here, and the severity of the alleged need for medication, I construe the request for injunctive relief as one for a preliminary injunction.[4]

---

[4]My construction of this as a request for preliminary injunctive relief is also informed by my knowledge, based on

Conclusion

Without further comment on the merits of the complaint, I find that O'Neil has stated a claim upon which relief may be granted against defendants O'Mara and Ryan, and I order that the complaint be served on those defendants.  While O'Neil has completed a summons form for O'Mara, he has not done so for Ryan.  The Clerk's Office shall forward to plaintiff a blank summons form.  Plaintiff shall complete a summons form for Ryan and submit it to the Clerk's office within thirty (30) days of the date of this order.  Upon receipt of the completed summonses, the Clerk's office shall issue the summonses against defendants and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summonses and copies of the complaint (document no. 1) and this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon Defendants.  See Fed. R. Civ. P. 4(c)(2).

Defendants are instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

---

other cases previously before this Court, that, without Court involvement, the HCHC has been recalcitrant in providing inmates under their care with necessary mental health medication.

O'Neil is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

*/s/ James R. Muirhead*
James R. Muirhead
United States Magistrate Judge

Date:   February 5, 2009

cc:     Jeffrey C. O'Neil, Sr., pro se