```
                 UNITED STATES DISTRICT COURT

                  DISTRICT OF NEW HAMPSHIRE
```

Jeffrey C. O'Neil, Sr.,
    Plaintiff

    v.                                  Civil No. 08-cv-396-SM
                                        Opinion No. 2010 DNH 082
James O'Mara, Jr. and
Denise Ryan,
    Defendants and
    Third-Party Plaintiffs

    v.

Charles Ward, M.D.,
    Third-Party Defendant

## O R D E R

Under the aegis of 42 U.S.C. § 1983, pro se plaintiff Jeffrey O'Neil complains that while he was a pretrial detainee in the Hillsborough County House of Corrections ("HCHC"), he was denied his prescribed mental-health medication, in violation of the Fourteenth Amendment to the United States Constitution. Defendants James O'Mara and Denise Ryan, in a third-party complaint, claim that any damages for which they may be liable were wholly caused by Dr. Charles Ward. Before the court are a motion for summary judgment filed by O'Mara and Ryan, seeking judgment against the plaintiff, and a motion for summary judgment filed by Dr. Ward seeking judgment on the indemnity claim. O'Mara and Ryan object to Dr. Ward's motion, while their own

motion remains unopposed by plaintiff.  For the reasons given, the motions filed by O'Mara, Ryan, and Dr. Ward are all granted.

A summary judgment motion should be granted when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  "The object of summary judgment is to 'pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.' "  Dávila v. Corporación de P.R. para la Diffusión Pública, 498 F.3d 9, 12 (1st Cir. 2007) (quoting Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 7 (1st Cir. 2004)).  "Once the moving party avers an absence of evidence to support the non-moving party's case, the non-moving party must offer 'definite, competent evidence to rebut the motion.' "  Meuser v. Fed. Express Corp., 564 F.3d 507, 515 (1st Cir. 2009) (citing Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991)).  When ruling on a party's motion for summary judgment, a trial court "constru[es] the record in the light most favorable to the nonmovant and resolv[es] all reasonable inferences in [that] party's favor."  Meuser, 564 F.3d at 515 (citing Rochester Ford Sales, Inc. v. Ford Motor Co., 287 F.3d 32, 38 (1st Cir. 2002)).

O'Neil entered the HCHC on May 20, 2008, as a pretrial detainee. Up until February of that year, he was a patient of the Greater Manchester Mental Health Center ("MMHC"). (O'Neil Dep. (document no. 38-2), at 157; Ward Mot. Summ. J. (document no. 38), Ex. 6.) In conjunction with O'Neil's treatment, MMHC provided him with samples of Zoloft, and dispensed Trazadone. (O'Neil Dep., at 69.) MMHC did not issue any written prescriptions to be filled elsewhere. (Id. at 62, 65.) When MMHC gave O'Neil the drug samples, he was provided with a thirty-day supply. (Id. at 49.) O'Neil's last visit to MMHC prior to his incarceration (the last time he received medication from MMHC) took place in November or December of 2007. (Id. at 160-62.) He was terminated as a patient by MMHC in February of 2008. (Id. at 157.) From then until his incarceration in May, O'Neil had no medication and had no prescriptions issued by MMHC. (Id. at 160.)

An HCHC form, titled "Intake Mental Health Screening," dated May 22, records O'Neil's report that he had been provided with Zoloft and Trazadone by MMHC. (Ward Mot. Summ. J., Ex. 3.) A second HCHC form, titled "Medical History and Screening," also dated May 22, records O'Neil's report that he had prescriptions for Zoloft and Trazadone that had been filled at the Walmart store in Manchester. (Id., Ex. 1.) Someone from the HCHC

medical department telephoned the Walmart pharmacy for verification, and was told that O'Neil never had any prescriptions filled there, or at any other Walmart store. (Id., Ex. 2.)

On August 14, 2008, New Hampshire Superior Court Judge O'Neill issued a Pretrial Order for Release ("release order") that included the following special condition: "If detained, Def. shall receive all medication prescribed by licensed health professionals." (Ward Mot. Summ. J., Ex. 14.) On August 31, O'Neil submitted a Health Services Request Form with the following request: "Enclosed is a copy of court order from Superior Court Judge O'Neill III stating all medications should be given to detainee for my mental health illness."[1] (Id.) The request form documented the following response: "informed [inmate] all legal matters to [and] through his lawyer [not] through floor nurse." (Id.) HCHC medical records indicate that O'Neil complained of depression and Post Traumatic Stress Disorder in late November, 2008 (id., Ex. 15), was seen by mental-health personnel starting in early December (id.), and

---

[1] In his deposition, O'Neil described his medical request in the following way: "[O]nce I received [Judge O'Neill's] order, I put onto the medical request slip the court order and asked for them to prescribe my medication." (O'Neil Dep., at 129.) O'Neil's request for a prescription, rather than medication already prescribed, also suggests that when O'Neil entered the HCHC, he had no prescriptions from licensed health professionals.

4

began receiving Celexa for depression and anxiety shortly thereafter (id., Ex. 16; Ward Aff. (document no. 37-2) ¶ 15).  In February of 2009, O'Neil began receiving a second mental-health medication.  (O'Neil Dep., at 126.)

Based on the foregoing, O'Neil claims that O'Mara and Ryan were deliberately indifferent to his serious medical needs, in violation of the Fourteenth Amendment, by virtue of their alleged failure to provide him with mental-health medication, as required by Judge O'Neill's release order, between August 14, 2008, and February of 2009.

As a preliminary matter, the factual basis for O'Neil's claim – defendants' alleged failure to follow Judge O'Neill's release order – is not supported by the undisputed factual record.  While the Magistrate Judge construed O'Neil's complaint as alleging that he was taking prescribed medication at the time he was detained, defendants have produced evidence – principally O'Neil's own deposition testimony – that when he began his detention in May of 2008, he had not been under the care of a prescribing physician or psychiatrist for more than three months, had no mental-health medication in his possession, and had no prescriptions – either on file at the pharmacy he identified as the source of his mental-health medication, or otherwise.  Thus,

the HCHC medical department fully complied with Judge O'Neill's release order; O'Neil was provided with all the medications prescribed for him by licensed health professionals, which, as a matter of undisputed fact, were none.  If, as it appears, O'Neil's claim is that O'Mara and Ryan violated his rights under the Fourteenth Amendment by failing to follow Judge O'Neill's order, defendants are entitled to judgment as a matter of law.

If, however, O'Neil's claim is loosely construed as one based upon deliberate indifference to his serious mental-health care needs, it still fails as a matter of law.  The undisputed factual record demonstrates that immediately upon O'Neil's intake, the HCHC medical department contacted the pharmacy from which he said he obtained Zoloft and Trazadone, and found that he had not filled any prescriptions there.  The record also establishes that when O'Neil sought treatment for mental-health issues from the HCHC medical department, he received prompt attention.  O'Neil, in turn, has produced no evidence that the medical department was ever inattentive to his mental-health needs.  Thus, even when O'Neil's claim is liberally construed, there is no trialworthy factual issue concerning the mental-health care defendants provided him.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (explaining that to prevail on a conditions-of-confinement claim based upon medical care, plaintiff must

prove that prison officials demonstrated "deliberate indifference to [his] serious medical needs"); Feeney v. Corr. Med. Servs., 464 F.3d 158, 162 (1st Cir. 2006) (to be unconstitutional, prison medical care "must have been so inadequate as to shock the conscience").

On the undisputed factual record, O'Mara and Ryan are entitled to judgment as a matter of law on O'Neil's claim that they were deliberately indifferent to his serious medical needs. Because O'Mara and Ryan are not liable to O'Neil then, necessarily, Dr. Ward cannot be liable to O'Mara and Ryan, which entitles him to summary judgment as well.

## Conclusion

For the reasons given, defendants' motion for summary judgment (document no. 38) and Dr. Ward's motion for summary judgment (document no. 37) are both granted. The clerk of the court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

May 11, 2010

cc: Jeffrey C. O'Neil, <u>pro se</u>
    John A. Curran, Esq.
    Elizabeth L. Hurley, Esq.
    Jonathan A. Lax, Esq.